IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00406-RPM

ROY D. EVANS, III,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,

Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

In this action, Roy D. Evans III ("Evans") seeks damages under 42 U.S.C. § 1983 from the City and County of Denver ("City") for the loss of his Toyota van by seizure and sale of it in violation of the protections of property provided by the Fifth and Fourteenth Amendments to the United States Constitution. In particular, the plaintiff asserts that the City's application of two ordinances in parallel had a whipsaw effect, denying him an opportunity to obtain relief from an impoundment and sale of his vehicle. There is no facial challenge to the validity of either ordinance and Evans does not contest the legitimacy of the initial seizure of his van. The City moved for dismissal pursuant to Fed.R.Civ.P. 56.

Except where otherwise stated, the following facts are undisputed:

At approximately 1:00 a.m. on September 26, 2008, Evans was driving his Toyota van northbound on Speer Boulevard in Denver, Colorado. He went through a red traffic light at the

intersection of Speer Boulevard and West 13th Avenue and was stopped by Denver Police Officer Ryan L. Kobernick. Suspecting that Evans was driving under the influence of alcohol or drugs, Officer Kobernick made Evans perform a roadside sobriety test, which he failed in the officer's opinon. Kobernick searched Evans' vehicle and found a loaded 45 semi-automatic handgun in the area of the front passenger seat. Evans had a concealed weapons permit for his gun.

Evans was charged with driving under the influence of alcohol; possession of a weapon while under the influence of intoxicating liquor or a controlled substance; careless driving, a red light violation and failure to signal. (Pl.'s Ex. A).

After Evans was arrested, his van was towed to the Denver Sheriff Department Vehicle Impound Facility and a hold was placed on the vehicle by Detective Hinkle of the Denver Police Department. (Pl.'s Ex. B).

The City has two sets of municipal ordinances authorizing the impoundment of a motor vehicle.

Chapter 54 of the Denver Revised Municipal Ordinances (D.R.M.C.) establishes procedures for the impoundment of a motor vehicle that impedes traffic or meets the definition of an "automobile junker." D.M.R.C. §§ 54-811 through 54-816. This regulatory scheme provides notice and hearing procedures, allowing an owner or lienholder to request an administrative hearing contesting the legality of the impoundment. *See* § 54-814. Challenges to an impoundment pursuant to these regulations are heard by a vehicle impoundment hearing officer. *See* §§ 54-900 through 54-1004.

The City's public nuisance ordinances, compiled in Chapter 37, D.R.M.C., provides for the seizure and impoundment of a motor vehicle for a class one public nuisance offense, defined as a motor vehicle in which certain categories of illegal activity occur or which is used to commit, conduct, promote, facilitate or aid the commission of or flight from certain illegal activities. *See* D.R.M.C. § 37-50(c)(defining class one public nuisance). Article III of Chapter 37 (D.R.M.C. § 37-70 *et seq*.) addresses civil abatement of public nuisances. That article authorizes, *inter alia*, procedures relating to civil actions for nuisance abatement (§ 37-72); the seizure of motor vehicles and personal property before the filing of a complaint (§ 37-73); issuance of ex parte temporary restraining orders (§§ 37-74; 37-75, 37-76); procedures for motions to vacate or modify temporary restraining orders or for the return of seized property (§ 37-77); remedies for class one nuisances (§ 37-78); specific remedies for motor vehicles and personal property (§ 37-80); remedies for class two nuisances (§ 37-81); civil judgments and liens (§ 37-82), and stipulated alternative remedies (§ 37-83).

Pursuant to D.R.M.C. § 37-73(b), a motor vehicle may be seized and impounded as a public nuisance if the public nuisance abatement coordinator or any police officer determines that there is probable cause to believe that:

(1) A class one public nuisance offense has occurred; and

(2) The class one public nuisance offense occurred in a motor vehicle, or a motor vehicle or personal property was used to commit, conduct, promote, facilitate or aid the commission of or flight from the class one public nuisance; and

(3) The motor vehicle or personal property is capable of being concealed, destroyed, or removed from the city ....

D.R.M.C.§ 37-73(b). When a vehicle is seized pursuant to this Code provision, the officer, sheriff's deputy or public nuisance abatement coordinator must promptly report the seizure to the city attorney's office. D.R.M.C. § 37-73(c) requires:

> Within forty-five (45) days of the date the motor vehicle or personal property was seized as a public nuisance, the city attorney's office shall either declare the motor vehicle and personal property available for release, declare the motor vehicle and personal property to be contraband, declare the motor vehicle and personal property to be relevant evidence in a criminal proceeding, or file an action under this article seeking judicial remedies regarding the motor vehicle or personal property.

Among the remedies available in a civil action under Article III of Chapter 37 are those in section 37-80, providing, in pertinent part, as follows:

> (a) Additional remedies. In addition to the general and supplementary remedies listed in section 37-78, the court shall also order, that any motor vehicle or item of personal property adjudicated a class one public nuisance, one or more of the following remedies:
>
> (1) Mandatory closure of motor vehicle. That the motor vehicle be closed for a period not less than six (6) months and not more than one (1) year from the date of the final judgment plus any extension of that period caused by a failure to comply with the conditions for release of the motor vehicle set out below, unless the defendant shows he or she is a non-involved owner, as defined in section 37-71(k), above, and not in violation of a term or condition of a current abatement plan previously imposed upon the subject vehicle or personal property.
>
> (2) At the end of the closure period, the motor vehicle shall be released to the owners only upon: (a) payment of all towing fees, storage fees, and civil judgments under section 37-82 within thirty (30) days of receiving notice of the final judgment of the court; and (b) execution by the owners and lienors of a complete and unconditional release of the city and all of its employees and agents for the closure and any and all damages to said vehicle.
>
> (3) In the event that the owners and lienors, or any of them, fail, neglect or refuse to pay the fees, expenses, and judgments, within thirty (30) days of receiving notice of the final judgment of the court, the motor vehicle shall be declared to be abandoned and shall be disposed of in compliance with this code....

D.R.M.C. § 37-80.

On October 7, 2008, the City filed a complaint captioned "Complaint for Abatement of Class One Public Nuisance Under Denver Revised Municipal Code (Motor Vehicle), in the County Court for the City and County of Denver Colorado, Case number 08C27709, naming Evans and his van as defendants. (Def.'s Ex. B, "Nuisance Abatement Compl."). The complaint alleged:

> ... the subject property constitutes a class one public nuisance because the following offenses were committed in the subject property and the subject property was used to commit, conduct, promote, facilitate, or aid the commission of or flight from the following offenses on September 26, 2008 at West 13th Ave. and Speer Blvd. in Denver, Colorado:
>
> (a) Unlawful Possession or Carrying of a Firearm, C.R.S. §§ 18-12-102, 18-12-103, 18-12-105, 18-12-106, 18-12-108, 18-12-108.5, and D.R.M.C. §§ 18-117, 38-119, 38-121, 38-122, 38-130, and 37-50(c)(9).

(Nuisance Abatement Compl. ¶ 8). The City requested the following relief:

> A. Issue the Temporary Restraining Order submitted herewith;
>
> B. Enter judgment, orders, and injunctions for remedies provided in the Denver Revised Municipal Code § 37-78 and § 37-80, including but not limited to impoundment of the motor vehicle for up to one year with release of the motor vehicle subject to towing and storage charges or destruction of the motor vehicle.
>
> C. Enter judgment against each defendant for the civil judgment provided in Denver Revised Municipal Code § 38-82 in the amount of $2,000.
>
> D. Enter orders and injunctions for the supplementary remedies provided in Denver Revised Municipal Code § 37-83.

(Nuisance Abatement Compl. at p. 3).

On October 13, 2008, the Denver County Court issued an *ex parte* temporary restraining order (TRO), authorizing the seizure of Evans' van, finding "there was probable cause to believe

that a class one public nuisance occurred" in Evans' van or that the vehicle "was used to commit, conduct, promote, facilitate or aid the commission of or flight from a class one public nuisance."(Def.'s Ex. E). The court's order included notice of the procedures for contesting the TRO. (*Id.*; *see* D.R.M.C. § 37-77(b)(1)).

The Nuisance Abatement Complaint and the TRO were served on Evans. He retained counsel who decided not to contest the issuance of the TRO, because of the pending criminal proceedings. On November 14, 2008, Evans filed a timely answer, denying that the van was used in connection with an illegal activity.

On December 4, 2008, the City moved to dismiss the Nuisance Abatement Action, stating that the "subject motor vehicle has already been closed for a sufficient period of time under the temporary restraining order to serve the remedial and deterrent purposes of Chapter 37, Article 3" and the City was "prepared to release the subject motor vehicle subject to payment of towing and storage charges." (Def.'s Ex. H). The City's motion stated that the action was moot because the City was not seeking a money judgment or other injunctive relief. (*Id.*) Before any response to that motion, the Denver County Court granted the City's motion to dismiss and "made the same an order of the Court" on December 8, 2008. (*Id.*). The van remained in the Sheriff's impoundment facility.

On January 16, 2009, the Denver Sheriff's Department sent a letter to Evans by certified mail, providing notice "in accordance with section 54-814" of the D.R.MC., demanding the payment of impound and storage fees in the amount of $2,340.00. (Def.'s Ex. J). The letter stated:

> These charges can be satisfied by making claim at the Denver Vehicle Impound Facility, 5160 York Street in Denver.... If this vehicle is not claimed within 30

> calendar days from the date of the mailing of this letter, it will be sold at public auction or otherwise disposed of to satisfy the charges due to the City and County of Denver.

(Def.'s Ex. J). Included with the letter was a notice of right to hearing, informing Evans that he had a right to contest the impoundment by requesting a hearing with a Vehicle Impoundment Hearing Officer within 10 calendar days of the mailing date on the notice of impoundment. (Pl.'s Ex. D, the Notice of Right to Administrative Hearing). Evans did not receive this letter before January 30, 2009, when he picked it up from the post office.

On January 22, 2009, Evans filed a motion in the Denver County Court action, entitled "Motion to Waive Impound Fees and Enjoin the Denver Sheriff's Department from Auctioning Defendant's Vehicle." (Def.'s Ex. M).

On January 27, 2009, the City responded to Evans' motion, arguing that the court had no jurisdiction to entertain the issues raised in Evans' motion. (Def.'s Ex. N). The City asserted that Evans' only recourse for seeking waiver or reduction of impound and storage fees was the administrative process provided in D.R.M.C. § 54-813(b), which provides:

> The manager of safety shall be and is hereby authorized and empowered to waive or adjust any charges imposed by or described in subsection (a) whenever in the manager's judgment it would be inequitable or result in an injustice to collect or require the payment of such charges. Charges resulting from the following circumstances will routinely be waived or refunded if previously paid unless the manager finds that exceptional circumstances (such as failure to claim a vehicle within a reasonable period of time) makes the collection of charges proper:
>
> (1) When the vehicle was impounded as a result of the operator being taken into custody and the operator has been released without charges being filed;
>
> (2) When the vehicle has accumulated storage charges while being held as evidence, if the operator is not convicted of an offense associated with the impoundment;

> (3) When the vehicle licensed in the county was reported as stolen and subsequently recovered and impounded by the police.

(*See* Def.'s Ex. N).

On January 29, 2009, the Denver County Court set Evans' motion for a hearing which was scheduled to occur on March 12, 2009. (*See* Pl.'s Ex. C).

When Evans got the letter from the Sheriff's Department with the enclosed Notice of Right to Administrative Hearing on January 30, 2009, which had been sent by certified mail, the 10-day window for requesting an administrative impoundment hearing had elapsed.

On February 3, 2009, Evans, through counsel, filed a written request for an administrative hearing, pursuant to the procedures set forth in the Notice of Right to Administrative Hearing.

Plaintiff's Exhibit F is the Department of Safety's impounded auto investigation history for Evans' van. That document shows that on February 3, 2009, a person from the [referee's] office called the Department of Safety and requested the files pertaining to Evans' van. That document also shows that on February 4, 2009, that same person (Denise) called the Department of Safety and stated that the "owner is not eligible for a hearing, past the 12 days." (Pl.'s Ex. F).

On February 18, 2009, Evans' van was sold at public auction.

Evans moved to continue the County Court hearing on March 11, 2009, claiming that counsel had first received notice of the March 12 hearing date on March 10 and had a scheduling conflict.

On March 17, 2009, the City file a supplemental motion to dismiss the Nuisance Abatement Action as moot because the van had been sold at public auction on February 18.

(Def.'s Ex. R). On March 18, 2009, the Denver County Court dismissed the Nuisance Abatement Action. (Def.'s Exs. R & S).

The criminal charges against Evans were tried to a jury on September 29, 2009. The jury acquitted him of the offenses of driving under the influence of alcohol or drugs, driving while impaired, possession of a weapon while under the influence of alcohol or drugs, and careless driving. He was found guilty of a minor traffic offense, for which he paid a fine. (Compl. ¶¶ 44-46).

It is arguable that D.R.M.C. § 54-814 is procedurally deficient in limiting the time for filing a written request for hearing to 10 days from the mailing of the notice rather than the receipt by certified mail. At any rate, the City generated a procedural conflict by pursuing both the judicial and administrative processes. Upon filing the complaint for abatement the City placed the van in the control of the County Court and it was reasonable to expect that it would be the forum for determining whether Evans should be liable for the impound fees. There was no justification for the switchover to an administrative procedure under Chapter 54 of the Code. Evans' van was not impounded under D.R.M.C. § 54-811.

Evans was denied procedural due process. His claim for substantive due process violations for conscience shocking conduct in the sale of the plaintiff's vehicle knowing that he was seeking a hearing in the County Court will be determined at trial. If there is adequate evidence that the City's motivation was to obtain revenue from collecting the impound and storage fees and the proceeds of an auction, that would be shocking to the conscience of any reasonable person.

Based on the foregoing, it is

ORDERED that the defendant's motion for summary judgment is denied.

Date: February 6, 2013

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge